## Office of Disciplinary Counsel v. Harris

Disciplinary Board Docket no. 150 D.B. 2002.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

O'CONNOR, *Member,* April 16, 2004—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On November 14, 2002, petitioner, Office of Disciplinary Counsel, filed a petition for discipline against Chauncey Harris, respondent. The petition alleged that while on inactive status, respondent engaged in the practice of law. Respondent filed an answer to petition for discipline on April 11, 2003.

A disciplinary hearing was held on June 26, 2003, before Hearing Committee 1.22 comprised of Chair Shelley R. Smith, Esquire, and Members Michael D. Schaff, Esquire, and Warren E. Kampf, Esquire. Respondent appeared pro se. Petitioner offered stipulations and 11 exhibits. Respondent offered his own testimony and called one character witness.

The committee filed a report on January 9, 2004, finding that respondent violated the Rules of Professional Conduct and Rules of Disciplinary Enforcement as charged in the petition for discipline, and recommending that respondent be suspended for a period of one year and one day.

Neither party filed exceptions to the report and recommendation of the Hearing Committee.

This matter was adjudicated by the Disciplinary Board at the meeting of March 10, 2004.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 1400, 200 North Third Street, Harrisburg, PA is invested, pursuant to Pa.R.D.E. 207, with the power and duty to investigate all matters involving alleged misconduct of any attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules of Disciplinary Enforcement.

(2) Respondent was born in 1950 and was admitted to practice law in the Commonwealth of Pennsylvania in 1990. His last registered address for the practice of law is 1007 Spring Garden Street, Philadelphia, PA 19123. He currently resides at 6929 Sherman Street, Philadelphia, PA 19141. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

(3) Respondent has a prior history of discipline consisting of an informal admonition administered in 1998 and an informal admonition administered in 2000.

(4) Respondent was transferred to inactive status on three separate occasions: from December 16, 1995 to December 27, 1995, for failure to pay his annual attorney registration fee; from August 21, 1999 to November 30, 2001, for failure to complete CLE requirements; and from December 1, 2002 to the present, for failure to pay his annual attorney registration fee.

(5) By order dated July 22, 1999, effective August 21, 1999, the Supreme Court of Pennsylvania transferred respondent to inactive status pursuant to Rule 111(b), Pa.R.C.L.E. for failure to meet his Pennsylvania Continuing Legal Education requirements.

(6) By certified letter dated July 22, 1999, with enclosures, the Disciplinary Board secretary notified respondent of the entry of the transfer order and his obligation to comply with the Supreme Court's Enforcement Rules and the Disciplinary Board Rules pertaining to attorneys transferred to inactive status.

(7) On July 26, 1999, respondent signed the certified mail, domestic return receipt card for the letter.

(8) Respondent did not file a statement of compliance with the board secretary within 10 days after the effective date of his transfer to inactive status, as required by Pa.R.D.E. 217(e).

(9) By certified letter dated September 22, 1999, the Office of Disciplinary Counsel reminded respondent of the entry of the transfer order and advised him that until such time that he was reinstated from the inactive list to the active list, he was prohibited from practicing law or holding himself out to the public as an attorney.

(10) By October 17, 2000, respondent completed enough Pa. CLE approved courses to satisfy the delinquency and to bring himself current for the 2000 requirements, but the CLE board had not certified that respondent was eligible to be reinstated to the active list because respondent did not comply with Pa. CLE regulations in that he did not submit a written request to the Pa. CLE board to certify to the Disciplinary Board that he was CLE compliant.

(11) During his term of inactive status, respondent held himself out as an attorney, in that he maintained an office at 1007 Spring Garden Street with a three-foot by three-foot sign stating "Law Office of Chauncey Harris, Esquire."

(12) On April 11, 2001, respondent accepted a fee from Mohammed Najibi to represent him in traffic court. Respondent presented Mr. Najibi with a business card stating "Law Offices of Chauncey Harris, Attorney at Law. 1007 Spring Garden Street, Philadelphia, PA 19123 (215) 769-9850 Fax (215) 769-7056."

(13) Respondent did not advise Mr. Najibi that he was on inactive status and proceeded to obtain a date for Mr. Najibi's traffic court hearing.

(14) On June 30, 2001, respondent filed his 2000-2001 PA Attorney's Annual Fee Form and attempted to pay the annual assessment, but the attorney registrar returned respondent's check and informed him by letter of September 28, 2001, that she was processing respondent's registration as inactive because the CLE board had not certified respondent as being in compliance with the CLE board's rules and regulations.

(15) On October 27, 2001, respondent filed a statement of compliance. On November 12, 2001, respondent became CLE compliant.

(16) By letter of November 20, 2001, Daniel Levering, administrator for the CLE board, advised Elaine Bixler, secretary of the Disciplinary Board, that respondent had complied with the Pa. CLE board's rules and regulations.

(17) By letter to respondent dated November 21, 2001, Suzanne E. Price, attorney registrar, advised respondent

that the Pa. CLE board had certified his compliance with the rules and regulations and Ms. Price requested that respondent pay his registration fee.

(18) On November 30, 2001, respondent was returned to active status.

(19) On December 1, 2002, respondent was transferred to inactive status for failure to pay his 2002-2003 attorney registration fee.

(20) To date, respondent has not been reinstated to active status.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct and Rules of Disciplinary Enforcement:

(1) R.P.C. 5.5(b)—A lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction.

(2) R.P.C. 7.1(a)—A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading.

(3) R.P.C. 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

(4) Pa.R.D.E. 217(d)—which provides that "[t]he formerly admitted attorney, after entry of the . . . transfer to inactive status order, shall not accept any new retainer or

engage as attorney for another in any new case or legal matter of any nature . . . ." via Pa.R.D.E. 203(b)(3), which provides that the willful violation of any other provision of the Enforcement Rules shall be grounds for discipline.

(5) Pa.R.D.E. 217(e)—Failing to file a compliance statement within 10 days after the effective date of the transfer to inactive status order.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for discipline charging respondent with practicing law while on inactive status. Respondent entered into stipulations with petitioner and stipulated to the facts as alleged in the petition and further stipulated that he violated the Rules of Professional Conduct and Rules of Disciplinary Enforcement. The only remaining issue is the discipline to be imposed.

Respondent's unauthorized practice of law was limited to one client matter. However, respondent continued to hold himself out as eligible to practice, advertising his services with a large sign. Respondent's pattern of failing to fulfill his continuing legal education credits and failing to pay his attorney registration fee evidences a general neglect of his professional responsibilities. Respondent vacillated between active and inactive status for several years. He is currently on inactive status and has not attempted to become current with his educational credits or pay his registration fees. Respondent expressed remorse but admitted that he is not ready to come back to the practice of law. He evidenced a distinct disinterest in the practice

of law and expressed a need to resolve some unspecified personal problems. He hopes to move to Washington, D.C. where he has family connections. Additionally, respondent has a prior history of discipline of two informal admonitions. The totality of the evidence suggests that respondent is not fit to practice law at this time.

Prior cases of unauthorized practice of law have resulted in a range of discipline. A series of relatively recent decisions by the Supreme Court illustrates that such misconduct will result in suspension. In the matter of *In re Anonymous No. 123 D.B. 96,* 41 D.&C.4th 290 (1998), an attorney was on inactive status due to CLE noncompliance, yet he filed his appearance in a civil suit. The attorney continued to handle the matter up until the day before his disciplinary hearing. He was suspended for six months. In the case of *In re Anonymous No. 123 D.B. 2000,* 782 disciplinary docket no. 3 (Pa. Nov. 25, 2002), the attorney was placed on inactive status for CLE noncompliance but failed to notify his clients and continued using letterhead that held him out to be a practicing attorney. He had a prior disciplinary history of two informal admonitions. The court suspended him for a period of one year and one day. In the matter of *In re Anonymous No. 118 D.B. 2000,* 743 disciplinary docket no. 3 (Pa. June 13, 2002), the attorney was placed on inactive status due to both CLE noncompliance and failure to pay his annual attorney registration fee. The attorney proceeded to take a case while on inactive status and was negligent in his responsibilities to his client. He had no prior discipline. The court imposed a suspension of one year and one day.

It is clear from the outcomes of the above cases that the Supreme Court takes a dim view of attorneys who practice law while on inactive status. Certainly attorneys who engage in such activity are causing harm to their unsuspecting clients and to the general public.

For these reasons the board recommends that respondent be suspended from the practice of law for a period of one year and one day.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, Chauncey Harris, be suspended from the practice of law for a period of one year and one day.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Peck recused in this matter, and Board Member Brown did not participate in the March 10, 2004 adjudication.

## ORDER

And now, July 15, 2004, upon consideration of the report and recommendations of the Disciplinary Board dated April 16, 2004, it is hereby ordered that Chauncey Harris be and he is suspended from the bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa. R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.